# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IATONDA TAYLOR,

        Petitioner,                Case Number: 2:10-CV-11780

v.                                         HON. LAWRENCE P. ZATKOFF

HUGH WOLFENBARGER,

        Respondent.

_____/

## ORDER CONSTRUING MOTION FOR WRIT OF HABEAS CORPUS AS MOTION TO REOPEN PROCEEDING AND DENYING MOTION

Michigan prisoner Iatonda Taylor ("Petitioner") filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for first-degree murder. In response, Respondent sought dismissal of the petition because all but one of the habeas claims were not properly exhausted in state court. In August 2011, the Court granted Respondent's motion and dismissed without prejudice the petition for a writ of habeas corpus. Petitioner has now filed a Motion for Writ of Habeas Corpus [dkt. # 21].

The Court construes the motion as a request to reopen the habeas corpus proceeding. A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if outright dismissal of the petition would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust claims, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). The Court declined to employ the stay-and-abeyance procedure in this case because Petitioner failed to satisfy the *Rhines* considerations. That is, dismissal of the petition outright did

not jeopardize the timeliness of a future petition. If Petitioner acted diligently, sufficient time remained in the limitations period for Petitioner to exhaust his state court remedies and to then file a new habeas petition. To reopen these proceedings, rather than requiring Petitioner to file a new petition, would allow Petitioner to circumvent the *Rhines* considerations. The Court, therefore, will deny Petitioner's request to reopen this case. This denial is without prejudice to Petitioner filing a new petition in this Court. Because the dismissal of the petition containing unexhausted claims was without prejudice, a new petition will not be considered second or successive under 28 U.S.C. § 2244(b).

Accordingly, IT IS HEREBY ORDERED that Petitioner's Motion for Writ of Habeas Corpus [dkt. # 21] is DENIED without prejudice.

IT IS SO ORDERED.

 S/Lawrence P. Zatkoff  
HON. LAWRENCE P. ZATKOFF  
United States District Judge

Dated: August 25, 2014